SILAS W. HENNESSEY, JR. and KATHLEEN W. HENNESSEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hennessey v. Commissioner
Docket No. 4813-75.
United States Tax Court
T.C. Memo 1977-55; 1977 Tax Ct. Memo LEXIS 385; 36 T.C.M. (CCH) 251; T.C.M. (RIA) 770055; March 7, 1977, Filed Silas W. Hennessey, pro se. Kenneth W. McWade, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $882.00 in petitioners' Federal income tax for the taxable year 1972. We are to decide whether petitioners are entitled to deduct certain unsubstantiated expenditures as traveling expenses incurred while away from home. All of the facts were stipulated and are so found. [1]
*386 Petitioners Silas W. Hennessey, Jr. and Kathleen W. Hennessey are husband and wife, who at the time of filing the petition herein, resided in Seattle, Washington. Petitioners filed their joint Federal income tax return for 1972 with the Western Service Center, Ogden, Utah. Kathleen W. Hennessey is a party solely by virtue of having filed a joint return with her husband, Silas, and he will be referred to hereinafter as petitioner. Petitioner was employed as a field service engineer by the Boeing Company (Boeing) during 1972. As part of his employment, petitioner was temporarily assigned to work in Pasadena, California, for 265 days in 1972, and was reimbursed for his travel expenses from Boeing at the rate of $10.00 per day for meals, plus his actual out-of-pocket expenses, including rent and utilities. In connection with petitioner's work assignment in Pasadena, Boeing reimbursed petitioner a total of $4,122.00 for meals and out-of-pocket expenses during 1972. On his Federal income tax return for 1972, petitioner claimed a $9,450.00 travel expense deduction as representing the cost of meals and lodging for 265 days, computed on the basis of $36.00 per day. Petitioner *387 reported the $4,122.00 reimbursement from Boeing on his return as miscellaneous income. The records maintained by petitioner show the following deductible expenditures for away-from-home expenses during 1972: Rent ( $185 per month times nine months)
$1,665.00
Utilities ( $24 per month times nine months)
216.00
TV ($5.50 per quarter times three quarters)
16.50
Food ( $10 per day times 252 days)
2,520.00
Auto Expense
880.80
Business Telephone Calls
108.54
Total
$5,406.84
In a statutory notice of deficiency, respondent disallowed the claimed deduction to the extent it exceeded the amount substantiated ($5,407) on the basis that petitioner had not established that the claimed excess constituted an ordinary or necessary business expense, nor had it been substantiated that such excess had been expended for the purpose claimed. The issue thus presented is whether the claimed travel expenses for 1972, in excess of the amounts allowed, are deductible by petitioner. Section 274 (d) [2] provides that no deduction shall be allowed under section 162 for any traveling expense unless the taxpayer substantiates by adequate records or sufficient evidence corroborating *388 his own statement, among other things, the amount of such expense. Petitioner has made no attempt to substantiate the disputed portion of the claimed expenses. Instead, petitioner takes the position that he is entitled to claim $36 per day ($9,450 for 265 days) as a traveling expense without compliance with section 274. In support of his position, petitioner points out that respondent's rules and regulations treat certain employee business expenses which are reimbursed by the employer and certain per diem allowances by an employer as substantiated by the employee. [3] Petitioner thus concludes that such rules and regulations are invalid as they discriminate against taxpayers such as petitioner who was not fully reimbursed for his traveling expenses.
*389 In a previous appearance before this Court involving an earlier year, petitioner presented the same argument on a substantially identical issue. See Silas W. Hennessey, Jr.,T.C. Memo. 1969-209. In that case we rejected petitioner's discrimination argument. We find it equally unpersuasive in this case for the reasons we previously expressed therein.
Moreover, as in the previous case, petitioner's failure to offer even an unsupported statement that he actually incurred any business expenses in excess of the amount allowed by respondent renders it impossible to find that he meets the fundamental requirements of section 162, much less those imposed by section 274. Accordingly, the deficiency is sustained. Decision will be entered for the respondent. Footnotes
1. At trial, the parties appeared, offered opening statements, and then submitted the case on the stipulation of facts which was offered into evidence.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. The ruling involved is Rev. Rul. 63-13, 1963-1 C.B. 69, superseded by Rev. Rul. 71-412, 1971-2 C.B. 170 (which increased the amount regarded as substantiated from $25 to $36 per day). Rev. Rul. 71-412, in turn, has been superseded by Rev. Rul. 74-433, 1974-2 C.B. 92, for later years not here in issue. The regulation not cited by petitioner, but presumably involved since it specifically authorizes the issuance of such ruling, is sec. 1.274-5 (f), Income Tax Regs.↩